IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MID-VALLEY PIPELINE COMPANY                                PLAINTIFF

VS.                          CIVIL ACTION NO. 5:12-cv-66(DCB)(MTP)

SUMMIT SEALS, INC.                                         DEFENDANT

ORDER

This cause is before the Court on the plaintiff Mid-Valley Pipeline Company ("MVPL")'s motion in limine **(docket entry 45)**. Having carefully considered the motion, the response of defendant Summit Seals, Inc. ("Summit Seals"), the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

In its motion, the plaintiff seeks a prohibition against the mention of the following matters:

(1) the size, financial condition, or financial status of the parties and/or their parent and affiliated companies;

(2) the size, location, specialization, representation, or other work of MVPL or MVPL's counsel, including:

(a) MVPL's counsel's regular representation of oil and gas related companies in general and/or other specific corporations, insurance companies, manufacturers or individuals;

(b) the fact that MVPL's counsel specializes in product liability cases or cases involving disputes related to the oil and gas industry; and

(c) facts about MVPL's counsel's law practice and other clients (including, but not limited to, the number of attorneys in counsel's law firm, the location of their offices, and the substantive areas of practice of the law firm);

(3) the request by MVPL to exclude certain evidence including any motions in limine filed by MVPL.

In addition, MVPL requests the following:

(4) that Court instruct counsel for Summit Seals to apprise the defendant's witnesses concerning the Court's rulings on any motions in limine, to ensure that the Court's orders are not violated by any witness;

(5) the sequestration of all non-party lay witnesses, and an instruction prohibiting those witnesses from hearing the testimonies of other witnesses and from discussing this case or their testimony with other witnesses, in accordance with Federal Rule of Evidence 615;

(6) an Order requiring that any evidentiary issues be resolved in a Rule 104 hearing outside the presence of the jury, in accordance with Federal Rules of Evidence 104 and 403.

Summit Seals responds as follows:

(1) Agreed;

(2) Agreed as to the size, location, specialization, representation or other work of plaintiff's attorneys, provided the plaintiff is also prohibited from making any such references to

Summit Seals' attorneys. However, Summit Seals objects to MVPL's request to the extent that it seeks to preclude Summit Seals from referencing matters such as the location, specialization, representation and work of MVPL itself, inasmuch as these matters are necessary for the jury to have a complete understanding of the project and work which are the subject of this litigation. In particular, Summit Seals argues:

> Summit Seals objects to the request that Summit Seals be prohibited from making any reference to the location, specialization and work of Mid-Valley Pipeline itself and/or related companies like Sunoco. The jury will need to know that Mid-Valley Pipeline is affiliated with Sunoco. For instance, the subject contract for Summit Seals' work on the project was actually a contract with Sunoco, not Mid-Valley Pipeline. Further, the supervisor for Mid-Valley Pipeline on the subject project testified that he was employed by Sunoco. Likewise, there are several policies and procedures that apply to the type of work being performed by Summit Seals and that applied to the storage tank generally. These policies and procedures were issued by Sunoco and they are relevant in this suit. The jury will also need to know that Mid-Valley Pipeline and/or Sunoco's business dealt with oil, pipelines and storage tanks. It is also relevant that Mid-Valley Pipeline and/or Sunoco had other locations on which Summit Seals had performed work in the past.

Defendant's Brief in Response, p. 2;

    (3) Agreed;

    (4) Agreed;

    (5) Agreed;

    (6) Summit Seals objects to the extent that MVPL seeks a Rule 104 hearing for every evidentiary issue that might arise, which could be impracticable depending on the frequency of evidentiary

3

objections during trial.

Since the plaintiff has not filed a reply brief, the Court assumes that the plaintiff is in agreement with the defendant's objections.  As the defendant points out, any objections by the plaintiff regarding testimony or other evidence as to the location, specialization and work of Mid-Valley Pipeline and its related companies can be raised by the plaintiff at trial.  As for hearings regarding evidentiary objections in general, routine objections usually do not require a hearing; where a hearing is required, it will be conducted outside the presence of the jury, or at least outside the hearing of the jury, depending on the complexity of the issues involved.

The plaintiff's motion in limine shall therefore be granted in part and denied in part.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff Mid-Valley Pipeline Company's motion in limine **(docket entry 45)** is GRANTED IN PART AND DENIED IN PART, as set forth in this Order.

SO ORDERED, this the 12th day of June, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE